[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on May 13, 1989 in Middletown, Connecticut. The wife's maiden name was Diane M. Dumont.
The court has jurisdiction. The marriage of the parties has broken down irretrievably and is hereby dissolved.
The parties have three minor children born since the date of this marriage: Jordan T. Gilbert, born February 20, 1990, Zachary D. Gilbert, born May 5, 1992, and Dylan A. Gilbert, born November 17, 1994.
The wife has a fourth child Jamie Breton, born April 18, 2000. The father of Jamie Breton is Leo Breton. Leo Breton resides with the wife at the marital home at least four nights a week. The marital home is 266 Jackson Hill Road, Middlefield, Connecticut.
The parties are both 34 years old and are in good health.
The court finds that the fault for the breakdown of the marriage should be attributed to a greater extent to the husband. The husband had sexual CT Page 7609 relations with a co-worker in February of 1999. He left the marital home in April of 1999.
The wife's relationship with Leo Breton started in July of 1999, four months after the parties were separated.
In August of 2000, during the pendency of this divorce action, the husband, in violation of the automatic orders in effect, sold stock options which netted him $8,933.55.
After reviewing all of the facts found, the testimonial and documentary evidence presented and admitted, the reasonable inferences therefrom drawn and the statutory criteria set in Connecticut General Statutes § 46b-56, 46b-81, 46b-82 and 46b-84. The court enters the following orders.
1. The parties shall share joint legal and physical custody of the three minor children pursuant to the Parenting Plan filed with the court on November 6, 2000. The court agrees that this plan is in the best interest of the children and hereby approves of that agreement and incorporates it by reference as its decree.
2. The plaintiff shall pay as child support $346.00 per week. This amount is in accord with the Child Support Guidelines and shall be secured by an immediate wage withholding order. All unreimbursed medical expenses and day care costs shall be in accordance with the State of Connecticut Child Support Guidelines. The plaintiff shall receive the dependency exemption for the three minor children.
3. No alimony is awarded to either party.
4. Plaintiff shall quit claim over his interest in the marital home to the defendant. The defendant shall within six months of any remarriage, refinance the home in her name individually. The defendant shall be responsible for all expenses associated with the home and shall hold the plaintiff harmless from them.
5. Plaintiff shall maintain health insurance for the minor children as available through his employment. The defendant shall have the right to elect COBRA coverage on the plaintiff's health insurance at her expense.
6. Plaintiff shall retain his Aetna Pension and 401k with UHG.
7. Plaintiff's 401k with Aetna shall be divided 50% to plaintiff and 50% to defendant as to its value on June 2, 2001. CT Page 7610
8. Plaintiff's stock options with UHG which mature in August, 2001 shall be divided 50% to the plaintiff and 50% to the defendant in August, 2001.
9. Plaintiff shall maintain $135,000.00 of life insurance naming the three minor children as irrevocable beneficiaries until the youngest child attains age 22.
10. Each party to retain the automobiles currently in their possession.
11. Each party to retain the savings and checking accounts presently in their possession.
12. Plaintiff to reimburse the defendant one-half of the $8,933.00 he withdrew from the sale of UHG stock. Therefore plaintiff to pay to the defendant on or before September 1, 2001 the amount of $4,466.00.
13. Each party shall be responsible for the debts shown on their respective financial affidavits.
14. The Disney stock shall continue to be owned by the plaintiff as custodian for the children.
BRIAN T. FISCHER JUDGE OF THE SUPERIOR COURT